IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CITIZENS STATE BANK,
a Florida corporation, f/k/a
THE CITIZENS BANK OF
PERRY, a Florida corporation,

    Plaintiff,

v.                                               CASE NO. 1:10-cv-224-SPM-GRJ

DIXIE COUNTY, a political
subdivision of the State of Florida,

    Defendant.
_____/

# O R D E R

This matter is before the Court on Defendant Dixie County's Motion To Compel Answers To Interrogatories And Responses To Requests To Produce From The Plaintiff. (Doc. 60.) Plaintiff requests the Court to enter an order compelling Plaintiff to respond to discovery requests served on the Plaintiff in May and June and to award Defendant its attorney's fees and costs incurred in filing the motion to compel. Plaintiff has filed a response (Doc. 67) in opposition to the motion and, thus, this matter is ripe for review. For the reasons discussed below, Defendant's motion to compel is due to be **GRANTED**.

## DISCUSSION

Defendant served its Second Request to Produce on Plaintiff on May 13, 2011 and asked Plaintiff to produce all documents regarding the relationship between Plaintiff and Charles L. Slaughter and Charles L. Slaughter Construction, the contractor on the River Shores project. Defendant served its Second Set of Interrogatories on Plaintiff on June 27, 2011. These interrogatories request information relevant to Plaintiff's loan

practices and Plaintiff's constitutional claims in this case.  Defendant's Third Request To Produce was also served on Plaintiff on June 27, 2011.  This request for production asks Plaintiff to produce documents relevant to Plaintiff's responses to the Second Set of Interrogatories.

In its Response Plaintiff concedes that it did not respond to the discovery requests in a timely manner.  According to Defendant's counsel, counsel had three telephone conversations with Plaintiff's counsel in July, and one in person discussion on August 2, 2011, in an effort to obtain responses to the outstanding discovery requests. Despite counsel's good faith effort to obtain the discovery responses, Plaintiff's counsel did not provide any information as to when the responses would be completed and served.

In its response Plaintiff advises it is in the process of collecting the necessary information and documents to respond to Defendant's discovery requests.  (Doc. 67.) Plaintiff represents it will require approximately one more week to finalize gathering the relevant information to respond to Defendant's discovery requests. Plaintiff therefore does not object to the Court granting the motion to compel so long as the Court grants it an additional seven days to respond to the outstanding discovery requests. Because the current discovery deadline is August 31, 2011 (Doc. 55) an extension of time to respond to the outstanding discovery requests will extend beyond the discovery deadline in this case.

Because there is no dispute Plaintiff has failed to serve timely responses to Defendant's discovery requests, Defendant's motion to compel is due to be granted. The Court will, however, also grant Plaintiff an additional seven days, until September 5, 2011, to serve responses to the outstanding discovery requests.  To accommodate

the extension of time to serve responses to the discovery requests the discovery deadline will also be extended until September 5, 2011 for this limited purpose.

Defendant also requests an award of attorney's fees and costs incurred in bringing its motion to compel. Rule 37(a)(5) provides "if the disclosure or requested discovery is provided after the motion was filed – the court must ... require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." As written the Rule mandates that the Court award fees where, as here, the responses to the discovery requests are provided after the filing of the motion. The Rule provides an exception to the requirement that the Court "must" award of attorney's fees in situations where the court finds that the "opposing party's nondisclosure ... was substantially justified" or finds "other circumstances make an award of expenses unjust." Id. Neither of these situations are present in this case.

In its Response, Plaintiff has failed to provide any reason or justification for the delay in responding to Defendant's discovery requests, other than suggesting that "while the attorneys did confer concerning the discovery requests ... [Plaintiff's counsel] was never asked if he would stipulate to the granting of the motion as required by N.D.Fla.Loc.R.7.1(B)." Doc. 67, Pl's Response at p. 3. This statement misses the point and misconstrues Plaintiff's obligation. It was Plaintiff's responsibility - and not Defendant's -- to request a stipulation for an extension of time to respond to the discovery requests if additional time was required. And it was Plaintiff's responsibility, failing agreement by the parties regarding an extension of time, to file a motion to obtain the Court's permission to extend the time. Plaintiff did neither. Apparently Plaintiff did not request Defendant to stipulate to an extension of time and the docket

reflects Plaintiff never requested permission from the Court for additional time to respond to the discovery requests. Consequently, Defendant was required to file a motion to compel after Defendant's efforts to obtain the discovery requests without court intervention were unsuccessful.

Accordingly, consistent with the mandate of Rule 37(a)(5) the Court is required to award Defendant its reasonable expenses, including attorney's fees, incurred in making the motion.  In this regard Defendant shall submit within ten days of this order an affidavit detailing the attorney's fees and expenses incurred in preparing and filing the motion to compel. Plaintiff shall be afforded an opportunity to contest the amount of attorney's fees by filing a response within ten days after service of Defendant's affidavit. The Court will enter a further order setting the amount of attorney's fees after receipt of Defendant's affidavit and Plaintiff's response, if any.

Accordingly, upon due consideration, it is  **ORDERED**:

(1)   Defendant Dixie County's Motion To Compel Answers To Interrogatories And Responses To Requests To Produce From The Plaintiff (Doc. 60) is **GRANTED**. Plaintiff shall provide full and complete responses to Defendant's Second Request to Produce, Second Set of Interrogatories, and Third Request To Produce on or before **September 5, 2011.**

(2)  Defendant Dixie County's request for attorney's fees in its Motion to Compel is **GRANTED**. Within **ten (10) days** of the date of this Order Defendant shall file an affidavit detailing the attorney's fees and expenses it incurred in preparing and filing the motion to compel. Plaintiff may file a response within ten days of receipt of Defendant's

affidavit.

(3)   The discovery deadline in this case is extended until **September 5, 2011** for the sole purpose of permitting Plaintiff to serve full and complete responses to Defendant's outstanding discovery requests.

**DONE AND ORDERED** this 29th day of August, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge