IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CITIZENS STATE BANK,
a Florida corporation, f/k/a
THE CITIZENS BANK OF
PERRY, a Florida corporation,

    Plaintiff,

v.                                          CASE NO. 1:10-cv-224-SPM-GRJ

DIXIE COUNTY, a political
subdivision of the State of Florida,

    Defendant.
_____/

# **O R D E R**

This matter is before the Court on Defendant Dixie County's Notice of Filing Affidavit Of Gail C. Bradford.  (Doc. 69.)  On August 29, 2011 the Court entered an order (Doc. 68) granting Defendant's Motion To Compel Answers To Interrogatories And Responses To Requests To Produce From The Plaintiff (Doc. 60).  In that order, the Court directed Defendant within ten days to file an affidavit detailing its attorney's fees and costs incurred in filing the motion to compel. (Doc. 68.)  Defendant's counsel filed her affidavit on September 6, 2011, within the ten day period, requesting an award of $1,118.00 for attorney's fees for time spent preparing the motion to compel and communicating with Plaintiff's counsel regarding the outstanding discovery requests. Plaintiff was given ten days after the filing of any such affidavit to file a response to the amount of requested fees.  To date Plaintiff has not responded and the time period for doing so has long since passed.  Accordingly, the Court will award Defendant's counsel attorney's fees in the amount of $1,118.00.

## DISCUSSION

Norman v. Housing Authority of City of Montgomery prescribes the law in the Eleventh Circuit for determining the appropriate award of attorney's fees.[1] Under Norman, the Court must multiply the number of hours reasonably expended by a reasonable hourly rate under what is known as the "lodestar" approach.[2] After the Court has determined the "lodestar," the Court may adjust the amount depending upon a number of factors, including the quality of the results and complexity of the litigation.[3] As a starting point, the party seeking attorney's fees begins by submitting evidence of the hours worked. The Court should then exclude (1) excessive or otherwise unnecessary hours, (2) redundant hours, and (3) hours spent on discrete and unsuccessful claims.[4]

Under Norman, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."[5] The applicant must submit to the court evidence of the hours reasonably expended on the litigation and if an applicant presents inadequate documentation of the hours expended, then the court may reduce the attorney's fee award accordingly.[6]

Fee opponents also have a role to play in assisting the court in determining the appropriate amount of hours to be included in an award of attorney's fees. Fee

---

[1] 836 F.2d 1292 (11th Cir. 1988).

[2] Id. at 1299, 1302.

[3] Id. at 1302.

[4] Id. at 1301-02.

[5] Id. at 1303.

[6] Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

opponents must point to hours that should be excluded because they are unnecessary, duplicative or redundant.[7]  In addition, "a fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal."[8]  Objections and proof to the unreasonableness of requested hours must also be reasonably precise and specific, as the Eleventh Circuit has noted that "[g]eneralized statements that the time spent was reasonable or unreasonable are not particularly helpful and are not entitled to much weight."[9]

The second part of the lodestar analysis is to determine the reasonable hourly rates for the hours for which the fee applicant is seeking attorney's fees.  The fee applicant must "supply[] the court with specific and detailed evidence from which the court can determine the reasonable hourly rate."[10]  The Eleventh Circuit has stated that "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."[11]  The prevailing party bears the burden of establishing through satisfactory

---

[7] ACLU v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) ("Those opposing fee applications have obligations, too. In order to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'").

[8] Scelta v. Delicatessen Support Servs., Inc., 203 F.Supp. 2d 1328, 1333 (M.D. Fla. 2002); see also Gray v. Lockheed Aeronautical Sys. Co., 125 F.3d 1387, 1389 (11th Cir. 1997)(noting that mere conclusory objections to hours submitted by the applicant will not suffice to justify exclusion of the hours by the court).

[9] Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988)("As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents."). See also Nitram, Inc. v. Indus. Risk Insurers, 154 F.R.D. 274, 277 (M.D. Fla. 1994)("However, the fee opponent has the burden of pointing out with specificity attorney hours that are allegedly redundant."); Rivera Santiago v. W. G. Roe & Sons, Inc., Case No. 8:07-cv-1786-T-27MAP, 2010 WL 2985697, at *3 (M.D. Fla. Feb. 4, 2010) ("Therefore, the hours that Defendants did not raise specific objections to will be accepted.").

[10] Norman, 836 F.2d at 1303.

[11] Id. at 1299.

evidence that the applicant's requested hourly rate is in line with the prevailing market rates in the relevant community.[12] The relevant community is the place where the case was filed.[13] Because Plaintiff failed to file a response in opposition to the amount requested, the Court lacks the benefit of the scrutiny and analysis from the opposing party.[14] Nonetheless, even in the absence of a response from Plaintiff, the Court has a duty to ensure that the Plaintiff's request for attorney's fees and costs is reasonable.[15] The Court, of course, is itself an expert with regard to the hourly rates charged in the local community.[16]

Plaintiff's request for reimbursement of attorney's fees and expenses in the total amount of $1,118.00 is comprised exclusively of services performed by Gail C. Bradford, an associate at the law firm representing Defendant in this case. Ms. Bradford does not specify how long she has been admitted to practice in Florida, but a review of her entry on The Florida Bar's website reflects she has been admitted to practice law in Florida since 2000.

With regard to the services performed by Ms. Bradford, Plaintiff requests

---

[12] Id.

[13] ACLU v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999) (citing Cullens v. Georgia Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994)) ("The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'").

[14] See, e.g., Godoy v. New River Pizza, Inc., 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the Court in determining whether the amount of attorney's fees requested is "reasonable.").

[15] Id.(citing Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983)).

[16] Norman, 836 F.2d at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940))("'The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'").

reimbursement of $1,118.00 for 8.6 hours of work at the rate of $130.00 per hour.  Ms. Bradford expended time drafting and revising Defendant's Motion To Compel Answers To Interrogatories And Responses To Requests To Produce From The Plaintiff. (Doc. 60.)  She also requests time for communicating on the telephone with Plaintiff's counsel regarding outstanding discovery requests and drafting email correspondence to Plaintiff's counsel regarding the outstanding discovery requests and responses.

Although Plaintiff did not respond to Ms. Bradford's affidavit –  and has thus not challenged any of the requested hours as unnecessary, duplicative or redundant or specified any hours that the Court should exclude from the requested fees –  the Court, nonetheless, has made an independent review of the services performed by Ms. Bradford.  Ms. Bradford expended 8.6 hours of time preparing, editing and filing the motion to compel and preparing email correspondence to opposing counsel in an effort to obtain the outstanding discovery.

Accordingly, the Court finds that the 8.6 hours of time expended by Ms. Bradford were reasonable and represent legal services which were necessary to resolve successfully the issues caused by Plaintiff's failure to respond to Defendant's discovery requests.

The Court also concludes that the hourly rate requested by Ms. Bradford is reasonable and represents an hourly rate at the low end of the hourly rates generally charged by lawyers of comparable skill and experience in the North Central Florida legal market. The Court's assessment of the reasonable hourly rate is based upon the information contained in Ms. Bradford's affidavit as well as the Court's own experience.

The Court in the final analysis is itself an expert as to the prevailing hourly rate in the relevant legal market.

In sum, the Court concludes that Defendant is entitled to the sum of $1,118.00 for attorney's fees, representing 8.6 hours of attorney time at the rate of $130.00 per hour.

Accordingly, it is **ORDERED**:

Defendant Dixie County is awarded attorney's fees in the sum of $1,118.00 pursuant to the Court's August 29, 2011 Order awarding attorney's fees to Defendant. (Doc. 68.) Plaintiff is directed to submit payment for the attorney's fees to counsel for the Defendant within ten (10) days of the date of this Order

**DONE AND ORDERED** this 3rd  day of October, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge