IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CITIZENS STATE BANK, a Florida
Corporation, f/k/a THE CITIZENS
BANK OF PERRY,

       Plaintiff,

vs.                                CASE NO.: 1:10-CV-224-SPM/GRJ

DIXIE COUNTY, a political subdivision
of the State of Florida,

       Defendant.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This cause comes before the Court on Defendant's motion for summary judgment (doc. 70), Plaintiff's response (doc. 84), and Defendant's reply (doc. 90). Plaintiff is suing Dixie County for claims arising from the role of the county attorney and his conduct prior to and subsequent to Dixie County's issuance of land development approvals to River Shores. Plaintiff alleges that it has been denied its property rights without due process through the county's deliberate indifference to the risk it was creating to those who might have an interest in River Shores' property when it failed to address the county attorney's dual representation of the county and River Shores in proceedings before the county

Board of Commissioners.[1] Defendant has moved for summary judgment on various grounds. During the pre-trial conference on November 21, 2011, Plaintiff moved to dismiss Counts II and III, the counts involving the cash bond. The motion was granted. Accordingly, only Count I, the "Land Use Approval" claim remains and is the only issue dealt with in this order. Because the Court finds that Plaintiff's substantive due process claim is not viable, the motion for summary judgment is granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Evidentiary material acceptable in opposition to the motion includes "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(c). The court views the evidence and all factual inferences in the light most favorable to the nonmoving party, and resolves all reasonable doubts about the facts in favor of the nonmoving party. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).

If the moving party has satisfied its burden, the burden shifts to the

---

[1] The case background is more fully set forth in the Order on Defendant's Motion to Dismiss (doc. 32).

nonmoving party who must show "that summary judgment would be inappropriate because there exists a material issue of fact." Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000). The nonmoving party must show more than the existence of a "metaphysical doubt" regarding material facts, and a "scintilla" of evidence will not suffice. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The burden can be met by presenting enough evidence to show that a reasonable finder of fact could find for the nonmoving party. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The basic inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

## ANALYSIS

To establish a claim under 42 U.S.C. § 1983, "a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." Holt v. Glenn, 361 F. App'x 75, 77 (11th Cir. 2010). "The first inquiry in any § 1983 lawsuit . . . is whether the plaintiff has been deprived of a right secured by the Constitution and laws." Id. The Fourteenth Amendment of the United States Constitution provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV § 1. Embodied in the Fourteenth Amendment is

protection of both procedural and substantive due process.  Plaintiff's claim is based on substantive due process.[2]

### Substantive Due Process

"The substantive component of the Due Process Clause protects those rights that are fundamental, that is, rights that are implicit in the concept of ordered liberty."  McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc) (internal citations omitted).  Fundamental rights are created only by the Constitution.  DeKalb Stone, Inc. v. County of DeKalb, Ga, 106 F.3d 956, 959 n.6 (11th Cir. 1997) (per curiam).  "Property interests, of course, are not created by the Constitution.  Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law."  Greenbriar Village, L.L.C. v. Mountain Brook, City, 345 F.3d 1258, 1262 (11th Cir. 2003) (per curiam); see also DeKalb Stone, 106 F.3d at 959 ("It is well established that land use rights, as property rights generally, are state-created rights." ).  "Areas in which substantive rights are created only by state law . . . are not subject to substantive due process protection under the Due Process Clause."  McKinney, 920 F.2d at 1556.  "[P]roperty rights have been

---

[2]  During oral argument on the motion for summary judgment on November 21, 2011, Plaintiff indicated that its claims were grounded in substantive due process, not procedural.  Assuming, however, that Plaintiff asserted a procedural due process claim, that claim would fail given the uncertainty of its rights at the time of the land use approval.  See Greenbriar, 345 F.3d at 1264-67.

important common law rights throughout history and . . . they are protected in many situations by procedural due process.  Nevertheless, common law rights are not equivalent to fundamental rights, which are created only by the Constitution itself." DeKalb Stone, 106 F.3d at 959 n.6.

If the complained-of state action concerning the deprivation of a state-created right, is executive in nature, rather than legislative, the plaintiff can not maintain a substantive due process claim.  McKinney, 20 F.3d at 1550; see also Dekalb Stone, 106 F.3d at 960 (noting that the Eleventh Circuit has held that executive acts will not sustain an arbitrary and capricious substantive due process claim for a state-created land use right).  "Executive acts characteristically apply to a limited number of persons" and "typically arise from the ministerial or administrative activities of members of the executive branch." McKinney, 20 F.3d at 1557.  "Legislative acts, on the other hand, generally apply to a larger segment of – if not all of – society." Id.  Land use regulations have been classified as an executive act.  Reserve, Ltd. v. Town of Longboat Key, 933 F. Supp. 1040, 1044 (M.D. Fla. 1996).

A party may attempt to proceed pursuant to an alternate theory of liability under § 1983 asserting that the Due Process Clause protects against arbitrary and irrational action by the government.  However, "non-legislative deprivations of state-created rights which would include land-use rights, cannot support a substantive due process claim, not even if the plaintiff alleges that the

government acted arbitrary and irrationally." Greenbriar, 345 F.3d at 1263.

*Substantive Due Process Protection With Regard to "Land Use Approval" Claim*

Defendant argues that Plaintiff is not entitled to substantive due process protection with regard to its "Land Use Approval" claim because property rights are state-created rights and are not entitled to substantive due process protection. Defendant further asserts that the application of land use regulations is typically classified as an executive act and is therefore only entitled to procedural due process. The Court agrees. Plaintiff alleges a substantive due process violation of its property right; but the Eleventh Circuit has made clear that there is no substantive due process protection for state-created, real property rights. Moreover, Plaintiff's claim rests on allegations of governmental misconduct that impacted a particular entity – characteristics of non-legislative, executive action. Such an allegation cannot sustain a claim for a substantive due process violation.

Plaintiff attempts to proceed under a "deliberate indifference" standard.[3]

---

[3] A municipality may also be liable under § 1983 for failure to take action, such as failure to supervise. City of Canton, Ohio v. Harris, 489 U.S. 378 (1989). "Only where a municipality's failure to train its employees in a relevant respect evidences 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom'". Id. at 389. To establish deliberate indifference on the part of Defendant, Plaintiff must "present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). Plaintiff alleges that Defendant should have known of the obvious conflict of interest when the county attorney was representing both the county board, and

However, this argument fails. Although this appears to be an alternate theory of liability under § 1983, it is still a component of substantive due process. Therefore, there is still the prerequisite of establishing a violation of a fundamental right that is entitled to substantive due process protection. See Rivas v. Freeman, 940 F.2d 1491, 1496 ("To successfully litigate a lawsuit for deprivation of constitutional rights under 42 U.S.C. section 1983, a plaintiff must show violation of a constitutionally protected liberty or property interest and deliberate indifference to constitutional rights."). Even under the "deliberate indifference" or "arbitrary and irrational" standard, there cannot be a substantive due process claim for non-legislative deprivations of land-use rights. Greenbriar, 345 F.3d at 1264 (noting that its discussion of the alternative substantive due process claim was "merely academic, and the core reason that a substantive due process claim does not exist . . . is that no interest protected by a fundamental right is being deprived.")

Plaintiff's response to the motion for summary judgment focuses on whether the county knew of the county attorney's dual representation of the county and River Shores before the county board, and argues that there is a genuine issue as to a material fact. However, Plaintiff does not address

---

River Shores before the county board. According to Plaintiff, because the county had notice of this conflict of interest and chose to do nothing about it, Defendant was deliberately indifferent to the harm that this dual representation might cause to third parties' constitutional interests.

Defendant's arguments on whether there is a viable substantive due process claim so as to make the disputed fact material.  Even viewing the evidence and all factual inferences in the light most favorable to the Plaintiff, and resolving all reasonable doubts about the facts in favor of the nonmoving party, Plaintiff's substantive due process claim fails.  Accordingly, Defendant has shown that it is entitled to judgment as a matter of law as to Count I.  It is hereby

**ORDERED AND ADJUDGED**:

1. Defendant's motion for summary judgment (doc. 70) is granted as to the remaining claim.  The clerk shall enter judgment accordingly.
2. All other pending motions are denied as moot.

DONE AND ORDERED this 22nd day of November, 2011.

*S/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge